UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VALUE HEALTH CARE SERVICES, LLC, | : : : | CIVIL ACTION NO. 3:11-CV-523 (JCH) |
| Plaintiff, | : : | |
| v. | : : | |
| PARCC HEALTH CARE, INC., ET AL., | : | JUNE 13, 2011 |
| Defendant. | : | |

**RULING RE: MOTION TO REMAND [Doc. No. 9]**

**I.      INTRODUCTION**

On March 2, 2011, Value Health Care Services, LLC ("Value Health Care"), brought this action against PARCC Health Care, Inc. ("PARCC") and Talmadge Park, Inc. ("Talmadge") in the Connecticut Superior Court, Judicial District of New Haven. See Compl. (Doc. No. 1, Ex. 1).  Value Health Care brings claims against both defendants for breach of contract; breach of the implied covenant of good faith and fair dealing; unjust enrichment; and violation of the Connecticut Unfair Trade Practices Act (CUTPA), Conn. Gen. Stat. § 42-110a et seq.  On April 1, 2011, defendants removed this action to federal court, purportedly pursuant to 28 U.S.C. § 1441.  Defendants assert that the diversity requirements of 28 U.S.C. § 1332 have been met, and defendants state that they intend to raise defenses and counterclaims which involve questions of federal law, which defendants contend would permit removal under 28 U.S.C. § 1331.  See Notice of Filing of Removal ("Notice") (Doc. No. 1) at 2.

Value Health Care now moves to remand this action to state court, arguing that the action is not removable on diversity grounds because both defendants are citizens are the forum state, and the action is not removable on federal question grounds

because the Complaint does not assert any claims arising under federal law. Mot. to Remand (Doc. No. 9), at 1. Value Health Care also seeks reimbursement of its costs and expenses related to the removal, including attorney's fees, pursuant to 28 U.S.C. § 1447(c). Id. at 2. For the reasons set forth below, the court grants Value Health Care's Motion to Remand and awards Value Health Care its reasonable costs and expenses.

## II.   FACTUAL BACKGROUND

Plaintiff Value Health Care is a Delaware LLC with a principal place of business in Cheshire, Connecticut. Compl., ¶ 1. PARCC is a Connecticut corporation with its principal place of business in Bridgeport, Connecticut, and Talmadge is a Connecticut corporation with its principal place of business in East Haven, CT. See Compl., ¶¶ 2, 3; Doc. No. 9, Ex. G (Connecticut Secretary of State's directory listings for Talmadge Park, Inc. and PARCC Health Care, Inc.).[1]

PARCC owns and operates a rehabilitation facility in Bridgeport, CT and Talmadge owns and operates a rehabilitation and nursing facility in East Haven, CT. Compl., ¶¶ 5, 6. On or about May 12, 2003, Value Health Care and PARCC entered into a contract in which Value Health Care agreed to provide pharmaceutical products and consulting services to PARCC. Compl., ¶¶ 8, 9. Value Health Care fully performed under the contract, but beginning in November 2006, PARCC failed to timely and fully pay Value Health Care. Compl. ¶¶ 13,15. On January 31, 2000, Value Health Care and Talmadge entered into a contract in which Value Health Care agreed to provide pharmaceutical products and services to Talmadge. Compl., Count Five, ¶¶ 8, 9.

---

[1] The District of Connecticut's Standing Order for Cases Removed from Superior Court (Doc. No. 6) requires defendants removing an action pursuant to 28 U.S.C. § 1441 to file within seven days of removal a signed statement indicating whether any of the defendants is a citizen of Connecticut. Defendants have failed to submit a statement pursuant to that Standing Order.

2

Despite Value Health Care's full compliance with the terms of the contract, starting in January 2009, Talmadge failed to timely and fully pay Value Health Care. Compl., Count Five, ¶ 15.

## III. DISCUSSION

### A. Forum Defendant Rule

Defendants assert that "there is a diversity of citizenship necessary to satisfy the requirements of 28 U.S.C. § 1332" which would permit the defendants to remove the case under 28 U.S.C. § 1441. Notice at 2. However, a civil action may be removed to the district court on diversity grounds "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). This is commonly known as the "forum defendant rule." See, e.g., In re Repository Technologies, Inc., 601 F.3d 710, 721-22 (7th Cir. 2010).

For the purposes of determining diversity under sections 1332 and 1441, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). PARCC and Talmadge are both incorporated in Connecticut and have their principal places of business in Connecticut, so they are also Connecticut citizens. See Compl., ¶¶ 2, 3; Doc. No. 9, Ex. G. Because at least one of the defendants is a citizen of the state in which the action was brought, the forum defendant rule articulated in section 1441(b) bars the defendants from removing this case to Federal District Court. See Handelsman v. Bedford Village Associates Ltd. Partnership, 213 F.3d 48, 50 n.2 (2d Cir. 2000); Four Keys Leasing & Maintenance Corp. v. Simithis, 849 F.2d 770, 773 (2d Cir. 1988).

Defendants assert that section 1441(b) nevertheless permits removal because PARCC and Talmadge were improperly joined as co-defendants, and a civil action may be removed to the district court on diversity grounds "only if none of the parties in interest <u>properly joined</u> and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added). Defendants claim that the Complaint presents "separate and distinct claims or causes of action based upon separate and distinct contracts against separate and distinct corporations," Mem. in Opp. at 8, and therefore one of the defendants was improperly joined in this action.

Assuming, without deciding, that one of the defendants was improperly joined, the forum defendant rule nevertheless bars removal in this case. Both PARCC and Talmadge are Connecticut citizens. Regardless of which defendant was improperly joined to this action, the remaining defendant is a resident of the forum state, and the forum defendant rule therefore bars removal. This interpretation of section 1441(b) is particularly sensible in light of the purpose of diversity jurisdiction and the forum defendant rule. "[D]iversity jurisdiction's basic rationale" is the "opening the federal courts' doors to those who might otherwise suffer from local prejudice against out-of-state parties." <u>Hertz Corp. v. Friend</u>, 130 S.Ct. 1181, 1188 (2010). "Since a defendant has no risk of suffering even presumptive local prejudice in a state court located in his or her home state, there is no reason to provide that defendant the option of a federal forum." <u>Hawkins v. Cottrell, Inc.</u>, ___ F.Supp.2d ___, 2011 WL 1898867, *7 (N.D. Ga. 2011). Here, both defendants are Connecticut citizens, and Value Health Care elected to bring suit in Connecticut Superior Court. Neither defendant will risk local prejudice in that forum.

4

B. Well-Pleaded Complaint Rule

Defendants additionally assert that they intend to present defenses and counterclaims which will invoke the court's federal question jurisdiction. Notice at 2. However, a defendant's proposed defenses and counterclaims do not affect whether a court possess federal question jurisdiction. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003). Instead,

> The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule. That rule provides that federal question jurisdiction exists only when the plaintiff's own cause of action is based on federal law, and only when plaintiff's well-pleaded complaint raises issues of federal law.

Marcus v. AT&T Corp., 138 F.3d 46, 52 (2d Cir. 1998) (citations omitted). "To determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses." Beneficial Nat'l Bank, 539 U.S. at 6. "[I]f a complaint alleges only state law based causes of action, it cannot be removed from state court to federal court even if there is a federal defense." Hernandez v. Conriv Realty Assoc., 116 F.3d 35, 38 (2d Cir. 1997). "Federal preemption is a defense, and therefore, the general rule is that even if a state law based cause of action is preempted by federal law, the case cannot be removed." Id. at 38.

Only two exceptions exist to well-pleaded complaint rule: (1) when Congress expressly provides that a state-law claim may be removed to federal court, or (2) "when a federal statute wholly displaces the state-law cause of action through complete pre-emption." Beneficial Nat'l Bank v. Anderson, 539 U.S. at 8. In this case, plaintiffs raise state statutory claims for violations of CUTPA and state common law claims for breach of contract, unjust enrichment, and breach of the implied covenant of good faith and fair dealing. The court is unaware of a federal statute that expressly permits removal of

5

these claims to federal court, nor is the court aware of any federal statute that completely pre-empts these traditional state-law causes of action. Therefore, the court concludes that section 1441 does not permit the defendants to remove this case to federal district court.

    C.    <u>Award of Costs and Expenses</u>

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Value Health Care seeks reimbursement of its costs and expenses related to the removal, including attorney's fees, pursuant to section 1447(c). Mot. to Remand (Doc. No. 9) at 2. "Absent unusual circumstance, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005).

Both the forum defendant rule and the well-pleaded complaint rule are long-established rules of federal jurisdiction. The forum defendant rule has been in place since at least 1948. Pub. L. No. 80-773, § 1441, 62 Stat. 869, 937-38 (1948). Similarly, more than a hundred years ago, the Supreme Court characterized the well-pleaded complaint rule as the "settled interpretation" of the statute providing for federal question jurisdiction. <u>Louisville & Nashville Railroad Co. v. Mottley</u>, 211 U.S. 149, 152 (1908). Because the defendants' removal of the case to this court was barred by clearly established precedent, the court finds that the defendants lacked an objectively reasonable basis for removal.

Although the court may nevertheless deny fees and costs if unusual circumstances warrant denial, no such unusual circumstances are present in this case.

6

Value Health Care promptly filed its Motion to Remand. "A competent attorney, after reasonable inquiry into applicable law and the facts and procedural history of this case would have known that there was no justification whatever for removal of this action." Four Keys Leasing & Maintenance Corp., 849 F.2d at 774 (imposing Rule 11 sanctions where removal petition was improper because (1) the defendant was a citizen of the forum state, (2) the defendant's federal claims did not establish federal question jurisdiction, in light of the well-pleaded complaint rule, and (3) the state court proceedings had already reached a final judgment). Indeed, Value Health Care attempted to persuade the defendants to consent to remand in order to avoid time-consuming and burdensome motion practice before this court. See Mot. to Remand at Exs. D, E. "The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." Martin, 546 U.S. at 140.[2] Value Health Care ought not to bear the burden of those costs where the defendants lacked an objectively reasonable basis for removing this case.

## IV.    CONCLUSION

For the foregoing reasons, Value Health Care's Motion to Remand [**Doc. No. 9**] is **GRANTED**, and the court awards costs and fees to Value Health Care pursuant to 28 U.S.C. § 1447(c). The Clerk is directed to close the case and to mail a certified copy of this order to the Clerk of the Connecticut Superior Court, Judicial District of New Haven.

---

[2] Indeed, it bears noting that defendants removed this case at the close of business on the Friday before the Monday on which a hearing on a prejudgment remedy had been scheduled. See Mem. in Supp. of Mot. to Remand at 2; Notice of Filing of Removal (filed with Connecticut Superior Court) (Doc. No. 9, Ex. B); Mem. in Opp. (Doc. No. 20) at 2.

7

The court retains jurisdiction over this matter only to the extent necessary to determine the value of the award of attorney's fees and costs.  See Bryant v. Britt, 420 F.3d 161, 162 (2d Cir. 2005) ("[A] district court has jurisdiction to consider a motion for fees and costs under § 1447(c), even after it has remanded a case to state court.") Counsel for Value Health Care shall file a request for specific costs and fees with the court no later than **June 20, 2011**.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 13th day of June, 2011.

      /s/ Janet C. Hall
Janet C. Hall
United States District Judge