UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VALUE HEALTH CARE SERVICES, LLC, | : | CIVIL ACTION NO. |
| | : | 3:11-CV-523 (JCH) |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PARCC HEALTH CARE, INC., ET AL., | : | JULY 15, 2011 |
|     Defendant. | : | |

## ORDER RE: ATTORNEY'S FEES AND COSTS

On June 13, 2011, this court granted the Motion to Remand by Value Health Care Services, LLC ("Value Health Care"). See Ruling (Doc. No. 24). The court also granted Value Health Care's Motion for Attorney's Fees and Costs, finding that the defendants, PARCC Health Care, Inc. and Talmadge Park, Inc., lacked an objectively reasonable basis for removing this case. Id. at 6-7. The court retained jurisdiction over the matter to the extent necessary to determine the value of the award of attorney's fees and costs and ordered the plaintiff to file a request for specific costs and fees. Id. at 8.

On June 20, 2011, Value Health Care filed its request for costs and fees. Doc. No. 25. Defendants filed a Memorandum in Opposition on June 27, 2011. Mem. in Opp. (Doc. No. 26). Defendants spend the vast majority of their briefing on the issue of attorney's fees urging the court to reconsider its earlier Ruling granting the Motion to Remand and awarding fees. See Mem. in Opp. at 1-15. Defendants devote little attention to the issue of whether the fees requested by Value Health Care are reasonable. Id. at 16-18.

In urging the court to reconsider its award of fees and costs, defendants misstate the applicable standard. Defendants erroneously focus on the standard for the award of

attorney's fees under Rule 11 of the Federal Rules of Civil Procedure and the standard for awarding fees under 28 U.S.C. § 1927. Id. at 1-4, 15. Defendants argue that awarding attorney's fees requires that an improver removal was "so utterly without justification as to compel the conclusion that the removal was undertaken for an improper purpose." Mem. in Opp. at 1. However, "[a]bsent unusual circumstance, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). In its earlier Ruling, the court concluded that the defendants' decision to remove this case lacked an objectively reasonable basis in light of the forum defendant rule and the well-pleaded complaint rule. Ruling, at 6.

Defendants protest that they "had less than one day to research and prepare the Notice of Removal" and that this short time horizon is a "mitigating factor[]" in deciding whether to impose fees and costs. Mem. in Opp. at 5-6. However, as the court observed in its Ruling, "Value Health Care attempted to persuade the defendants to consent to remand in order to avoid time-consuming and burdensome motion practice before this court." Ruling, at 7. At any time prior to Ruling, defendants could have withdrawn their objection to the Motion to Remand, but the defendants chose to defend the removal of the case. In light of this choice, defendants lack a principled basis on which to argue that the exigencies of the circumstances justified the removal.

Value Health Care requests $5,050.00 in attorney's fees and $18.71 in costs.[1] After reviewing the itemized billing records, the court concludes that the hourly rate

---

[1] Defendants complain that the Billing Statement submitted by Value Health Care contains an April 1 entry for 1.3 hours that lacks any description. However, Value Health Care

2

charged is reasonable in light of counsel's experience and the court's knowledge of the legal market in Connecticut. Further, the court finds that the time spent on the matter is generally reasonable, except for entries on April 12 and May 6, which the court concludes should be reduced by 3.0 hours on April 12 and 0.6 hours on May 6. Further, the court finds the costs reasonable. The court hereby orders defendants to pay $4,168.71 to the plaintiff.

On June 13, 2011, the court granted the Motion to Remand to State Court and for the Imposition of Costs and Attorneys' Fees (Doc. No. 9) and directed plaintiff's counsel to submit a specific request for fees and costs. See Ruling (Doc. No. 24) at 7-8. Plaintiff's counsel submitted a Request for Attorney's Fees and Costs, with an accompanying affidavit, but plaintiff's counsel erroneously captioned the document as a "Motion for Attorney Fees." The court **terminates** that document [**Doc. No. 25**] **as moot**.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 15th day of July, 2011.

                                      /s/ Janet C. Hall
                                      Janet C. Hall
                                      United States District Judge

---

did not include this entry in its request for payment, and the itemized description of the entry was redacted because the services were unrelated to Value Health Care's request for fees.